IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


IAN DOLPHIN,
individually and on behalf of all
others similarly situated                                                            PLAINTIFF


VS.                          CASE NO. 4:18CV00810 PSH


BSTB MOVING, INC.,
and BEN DARNELL                                                                      DEFENDANTS


## ORDER

The parties ("Dolphin" and "BTSB") jointly request the Court's approval of their settlement agreement and of their motion to dismiss the case with prejudice. Docket entry no. 99.

This Fair Labor Standards Act ("FLSA") case has been ongoing since October 2018, and one hundred entries are on the docket. The parties have zealously litigated the case. The Settlement Agreement of the parties, attached to their motion, has been carefully reviewed.

The Court recognizes that it is not bound by the parties' agreement. The Court's role in reviewing the proposed settlement in an FLSA case is to consider if the litigation involves a bona fide dispute and the proposed settlement is fair and equitable

1

to all parties. The Court's function is well stated in *Stainbrook v. Minnesota Department of Public Safety*, 239 F. Supp. 3d 1123 (D.C. Minn. 2017):

> A settlement addresses a bona fide dispute when it reflects a reasonable compromise over issues that are actually in dispute. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115, 66 S.Ct. 925, 90 L.Ed. 1114 (1946). To determine whether settlement terms are fair and equitable to all parties, a district court may consider a multitude of factors, including (1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case. *King v. Raineri Constr., LLC*, No. 4:14-CV-1828, 2015 WL 631253, at *2 (E.D.Mo. Feb. 12, 2015) (citing *Carrillo v. Dandan Inc.*, 51 F.Supp.3d 124, 132 (D.D.C. 2014)). A district court's review is properly limited to the "terms precisely addressing the compromised monetary amounts [that] resolve [the] pending wage and overtime claims." *Carrillo*, 51 F.Supp.3d at 134.

239 F. Supp. 3d at 1126. *See also Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019).

The Court is satisfied that a bona fide dispute exists and finds the proposed settlement is the product of arm's length negotiations between represented parties. Accordingly, the Court finds the settlement to be fair and equitable to all the parties. The Court also finds that the parties negotiated payment of attorney's fees separately from and after they reached a settlement of the plaintiffs' claims. For these reasons, the motion to approve the settlement agreement and dismiss the case with prejudice

(docket entry no. 99) is GRANTED. The Court denies all other pending motions as MOOT.

IT IS SO ORDERED this 6th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE